# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSE LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 6252 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Jose Lopez's ("Lopez") motion for reconsideration. For the reasons stated below, deny Lopez's motion for reconsideration.

## BACKGROUND

Lopez was arrested by members of the Chicago Police Department and was charged with murder in September 2002. (Compl. Par. 6-7). Lopez alleges that the Chicago Police Department and the individual Defendants lacked probable cause to arrest him and that Defendants fabricated evidence to falsely implicate him in the murder. (Compl. Par. 7-8). Lopez also alleges that Defendants withheld evidence

1

from the Illinois State's Attorney which would have helped exonerate Lopez. (Compl. Par. 8). Lopez spent several years in jail awaiting trial and was finally tried and acquitted of the murder charge in 2005. (Compl. Par. 9).

Lopez filed the instant action on November 15, 2006 and includes in his complaint claims alleging a violation of 42 U.S.C. § 1983 ("Section 1983") and other state law claims. On January 23, 2007, Defendants filed a motion to dismiss which we granted on May 22, 2007. Lopez filed a motion for reconsideration on May 31, 2007.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). Rather, for a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision of whether to grant or deny a motion brought pursuant

to Rule 59(e) "is entrusted to the sound judgment of the district court. . . ." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

## DISCUSSION

In granting Defendants' motion to dismiss, we relied on the United States Supreme Court decision in *Wallace v. Kato*, 127 S.Ct. 1091 (2007). In his complaint, Lopez did not specify the grounds by which he was asserting his Section 1983 claims. After carefully considering Lopez's complaint, we concluded that Lopez's only possible basis for his Section 1983 claim was a violation of his Fourth Amendment Due Process rights during his false arrest and wrongful imprisonment. We interpreted Lopez's Section 1983 claims to be based entirely on his wrongful arrest without probable cause, and as such, time-barred under *Wallace*. *See id.* at 1100 (stating that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process"). Lopez has subsequently conceded that any claim for false arrest would be time-barred under a the precedent of *Wallace*. (Resp. Mot. Dis. 14).

Lopez argues that he has successfully pled other constitutional torts that serve as adequate bases for his Section 1983 claims and would render these claims timely. (Mot. Recon. Par. 2). Specifically, Lopez alludes to the fact that his Section 1983

claims can be premised on: (1) Defendants' alleged malicious prosecution, (2) Defendants' alleged denial of his right to a fair trial; and (3) Defendants' alleged conspiracy to deny him of those rights. Lopez also argues that his state law claims are timely. (Mot. Recon. Par. 3).

I. Lopez's Section 1983 Claims

In order to prevail on a Section 1983 claim, the claimant must allege "(1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon [him] by a person or persons acting under color of state law." *Kramer v. Village of North Fond du Lac,* 384 F.3d 856, 861 (7th Cir. 2004). In order to determine whether Lopez has successfully stated a claim under Section 1983, this court must first "isolate the precise constitutional violation with which [the defendant] is charged." *Baker v. McCollan,* 443 U.S. 137, 140 (1979). Section 1983 "is not itself the source of substantive rights," but rather "provides a method for vindicating the federal rights elsewhere conferred." *Id.* at 145.

A. Section 1983 Claims Supported by Malicious Prosecution

In Lopez's reply in support of his motion for reconsideration, he raises for the first time the argument that his complaint states a federal claim for malicious prosecution that could serve as the basis for his Section 1983 claims. (Rep. Mot.

4

Rec. 2-3). The only reference to malicious prosecution in Lopez's complaint is his conclusory statement that "Defendants further caused Plaintiff to be . . . maliciously prosecuted . . . in violation of plaintiff's [sic] *state law* rights." (Compl. Par. 13)(emphasis added). In this case, Lopez went out of his way to assert that his allegations of malicious prosecution claim are premised on state rights and not federal rights. Under the current notice pleading standard, a plaintiff must "provide the defendant with at least minimal notice of the claim." *Kyle*, 144 F.3d at 455. Defendants could not have been on notice that Lopez was asserting a federal claim for malicious prosecution since Lopez's complaint specifically stated that his malicious prosecution claims were based only on his state law rights.

Even if Lopez did correctly plead a federal claim for malicious prosecution, such an allegation cannot form the basis for a Section 1983 claim under Seventh Circuit precedent. The Seventh Circuit has found that a constitutional tort for malicious prosecution does not exist in Illinois, where there is a separate state law remedy for malicious prosecution. *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001). This is because the Illinois malicious prosecution law affords an injured party an adequate opportunity to obtain compensation. *Id.* (interpreting *Albright v. Oliver*, 510 U.S. 266, 281-86 (1994)). The Seventh Circuit concluded that a state tort remedy for malicious prosecution "knocks out any constitutional tort for malicious prosecution." *Id.* at 751. Therefore, Lopez could not plead a Section 1983 claim by alleging malicious prosecution.

### B. Section 1983 Claims Supported By the Right to a Fair Trial

Lopez has also raised the argument that his complaint states a constitutional violation of his right to a fair trial. (P. Resp. Mot. Dis. 9-12). The Seventh Circuit has recognized that the right to Due Process is violated by the suppression of material evidence favorable to an accused. *United States v. Watts*, 29 F.3d 287, 289 (7th Cir. 1994)(citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). Unlike malicious prosecution claims, the Seventh Circuit has recognized the violation of *Brady* rights as a constitutional tort that would support a Section 1983 action. *Newsome*, 256 F.3d at 752 (stating that "a claim along [*Brady*] lines states a genuine constitutional tort").

#### 1. Lopez's Pleadings

The language in Lopez's complaint does not raise the issue of the denial of his right to a fair trial. Although Lopez has not specified which language in his complaint might form the basis for a *Brady* claim, the only language upon which he might possibly rely is Paragraph 8 ("Paragraph 8") of the Complaint in which Lopez states: "In the course of *their investigation*, the Defendant officers fabricated evidence which falsely implicated Plaintiff in the murder, and withheld from the State's Attorney and from Plaintiff evidence which would have helped exonerate him, all in violation of Plaintiff's constitutional rights." (Compl. Par. 8). These conclusory statements cannot form the basis for a *Brady* claim. According to the

Seventh Circuit, a plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. Lopez's complaint states nothing more than bare legal conclusions.

Furthermore, from the plain language of Paragraph 8, it is clear that these facts go towards a Fourth Amendment claim for imprisonment without probable cause and not towards a *Brady* fair trial claim. Lopez states that the alleged wrongful acts and omissions of Defendants occurred "in the course of their investigation." (Compl. Par. 8). Lopez has not stated that Defendants' alleged withholding acts continued beyond Lopez's initial detention. In his entire complaint, Lopez makes no mention of any alleged illegal acts by Defendants *during his trial*, save for his one conclusory state law claim that he was "maliciously prosecuted." (Compl. Par. 13). Based upon the language in Lopez's complaint, even his state law claim of malicious prosecution relates to the alleged acts of the Defendants in bringing charges against Lopez. Based on the foregoing, we find that Lopez has not alleged facts of a federal violation of his rights to a fair trial.

### 2. Materiality Requirement

Even if Lopez had alleged facts of a federal violation of his right to a fair trial sufficient to satisfy the notice pleading standard, Lopez could not support a *Brady* claim because he cannot possibly show that he was prejudiced by Defendants'

alleged acts. The issue of whether a criminal defendant can bring a *Brady* claim for denial of a right to a fair trial, even if that trial ultimately concluded in the criminal defendant's favor, is an issue that is unsettled in this district. *See Gregory v. Oliver*, 226 F.Supp.2d 943, 953 (N.D. Ill. 2002)(stating that when a defendant is acquitted there can be no reasonable probability that the result of the proceeding would have been different); *see also Carroccia v. Anderson*, 249 F.Supp.2d 1016, 1023-24 (N.D. Ill. 2003); *Kidd v. City of Chicago*, 2003 WL 22243938, at *1-*2 (N.D. Ill. 2003); *Gomez v. Riccio*, 2005 WL 2978955, at *6-*7 (N.D. Ill. 2003); *Craig v. Chicago Police Officers*, 2005 WL 1564982, at *4-*5 (N.D. Ill. 2005). We find that a criminal defendant who is acquitted could not have suffered any prejudice as is required under *Brady*.

At the outset, we note that *Brady* protects the right to a fair trial. There are three components to a *Brady* violation: "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the [government], either willfully or inadvertently; and prejudice must have ensued." *United States v. Baker*, 453 F.3d 419, 422 (7th Cir. 2006)(quoting *Strickler v. Green*, 527 U.S. 263, 281-82 (1989)). The Seventh Circuit found that in order for there to be prejudice, the evidence withheld must have been material. *See United States v. Wilson*, 481 F.3d 475, 480 (7th Cir. 2007)(stating that a *Brady* violation requires "materiality" of the evidence withheld, which "in the *Brady* context is the same thing as prejudice"). Defendants

argue that because Lopez was actually acquitted in the trial against him, the information withheld could not have been material and that Lopez could not have been prejudiced. (Mot. Dis. 4-5). We agree.

According to the Seventh Circuit the appropriate materiality standard under *Brady* is the "reasonable probability" standard which states that withheld information is only material if there was a "reasonable probability" that "the result *of the proceeding* would have been different" if the evidence had been disclosed. *United States v. Jackson*, 780 F.2d 1305, 1309-10 (7th Cir. 1986)(emphasis added). A plain reading of this standard demonstrates that there is no possible way that a criminal defendant who has been acquitted can satisfy the materiality requirement for a *Brady* claim. *Id.* Lopez points out that some courts in this district have reached the opposite conclusion. (Resp. Mot. Dis. 10-12). The courts in this district that have found otherwise have stated that plaintiffs do suffer prejudice if they are required to defend unfounded allegations against them or have to suffer under the stigma of an unfounded trial. *See e.g., Craig*, 2005 WL 1564982, at *4-*5. Other courts have made the policy argument that precluding acquitted defendants from bringing *Brady* claims would frustrate deterrence efforts against prosecutorial misconduct. *See e.g., Gomez*, 2005 WL 2978955, at *7. However, the Seventh Circuit has made it abundantly clear that prejudice must ensue from the *result of the proceeding* for the materiality requirement to be satisfied. *Jackson*, 780 F.2d at 1309-10 (emphasis added). A defendant who is acquitted on all counts cannot

9

possibly make the argument that the result of the proceedings would have been *more favorable* if information had not been withheld. In terms of the result of a criminal proceeding, there is no more favorable outcome for a criminal defendant than an outright acquittal. Therefore, under the plain standard of the Seventh Circuit, a defendant who has been acquitted cannot satisfy the materiality requirement of the *Brady* test. In this case, Lopez was acquitted of the charges against him. As a result, he could not possibly state a claim under Section 1983, using the denial of his right to a fair trial as a basis.

### C. Federal Conspiracy claims

To establish a federal conspiracy claim, a plaintiff must demonstrate that the defendants reached an agreement to deprive him of his constitutional rights. *Tierney v. Vahle,* 304 F.3d 734, 739-41 (7th Cir. 2002); *Fries v. Helsper,* 146 F.3d 452, 457 (7th Cir. 1998). Also, as Lopez has acknowledged, a federal conspiracy claim can only stand if a plaintiff has also successfully pled substantive constitutional violations. (Resp. Mot. Dis. 13); *Hill v. Shobe,* 93 F.3d 418, 422 (7th Cir. 1996). As stated above, Lopez has not successfully pled any substantive violations of his constitutional rights. Therefore, Lopez's federal conspiracy claims likewise fail.

## II. Lopez's *Monell* Claim

Lopez also argues that he raised a claim pursuant to *Monell v. New York Dept.*

*of Social Servs.*, 436 U.S. 658 (1978), in an effort to hold Defendant City of Chicago liable for the actions of the individual Defendants. The doctrine of *respondeat superior* cannot be utilized to hold local government units liable for Section 1983 violations. *Id.* at 691. A municipal government unit cannot be held liable under Section 1983 "unless the deprivation of constitutional rights is caused by a municipal policy or custom." *Kujawski v. Board of Comm'rs. of Bartholomew County, Indiana*, 183 F.3d 734, 737 (7th Cir. 1999). A local governmental unit's unconstitutional policy, practice or custom can be: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice, that, although unauthorized, is so permanent and well-settled that it constitutes a 'custom or usage' with the force of law; or (3) an allegation that a person with final policy making authority caused the injury." *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004).

In the instant action, Lopez makes a vague claim that the City of Chicago's policies and practices were the "moving force" behind his constitutional violations. (Compl. Par. 12). Lopez provides no explanation as to what he means by the phrase "moving force" and has provided no further allegations regarding the City of Chicago's involvement in his claims. We find that Lopez's one-sentence, boilerplate allegation is not enough to 'plausibly suggest that [he] has a right to relief. . . ." *E.E.O.C. v. Concentra Health Servs., Inc.* 496 F.3d 773, 776 (7th Cir. 2007). Accordingly, we find that Lopez's claims against Defendant City of Chicago based

11

on *Monell* were properly dismissed.

### III. Lopez's State Law Claims

In his motion to reconsider, Lopez argues that his state law claims are timely. Under 28 U.S.C. § 1367(a)(3), a district court has the discretion to decline to exercise supplemental jurisdiction over state law claims where the court has dismissed all federal claims over which it had original jurisdiction. *See Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007)(indicating that there is no automatic presumption that a court will decline to exercise supplemental jurisdiction, but that the court should consider certain factors); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1252 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial, the pendent claims should be left to the state courts"); *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994)(indicating that the court should consider "judicial economy, convenience, fairness, and comity," and should weigh a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources"). We note that since this case is at the pleadings stage, substantial federal judicial resources have not been expended on the resolution of the supplemental state law claim. We have considered all of the pertinent factors and we decline to exercise supplemental jurisdiction as a matter of discretion over the remaining state law claim.

## CONCLUSION

Based on the foregoing analysis, we deny Lopez's motion for reconsideration.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 24, 2007